
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN S. CAMPOS,

                Plaintiff,

    -against-

MATTHEW ZUNTAG; DANIEL M.
DONOVAN, JR.; EDWARD PATTERSON;
STEPHEN J. ROONEY; ALLEN MEYER;
L. RIENZI; TUESDAY MONDI MULLER;
KIRSTEN KRUEGER; MATTHEW DILGEN;
PAUL A. CAPOFARI; MICHAEL HARDING;
MICHAEL GOMPERS,

              Defendants.
------------------------------------------------------------x
JOHN S. CAMPOS,

                Plaintiff,

      -against-

MATTHEW ZUNTAG; MATTHEW DILGEN;
STEPHEN J. ROONEY; TUESDAY MONDI
MULLER; DANIEL M. DONOVAN, JR. ESQ.;
KIRSTEN KRUEGER; PAUL A. CAPOFARI;
ALLEN MEYER; L. RIENZI,

              Defendants.
------------------------------------------------------------x
JOHN S. CAMPOS,

                Plaintiff,

      -against-

PAUL A. CAPOFARI; MICHAEL GOMPERS;
MICHAEL HARDING; MATTHEW DILGEN;
MR. TERRANOVA,

              Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**

15-CV-2862 (CBA) (JO)

15-CV-3816 (CBA) (JO)

15-CV-4667 (CBA) (JO)

**AMON, Chief United States District Judge:**

    Plaintiff John S. Campos, who is currently incarcerated at Greene Correctional Facility,

filed this <u>pro se</u> action requesting injunctive relief and monetary damages pursuant to 42 U.S.C.

1

§ 1983 on May 11, 2015. Campos filed a second pro se complaint arising from the same circumstances on August 7, 2015, Campos v. Capofari et al., 15-CV-4667. Campos also filed a pro se action asserting similar claims in the Southern District of New York on February 13, 2015, Campos v. Zuntag et al., 15-CV-1088 (LAP). That action was transferred to this Court on June 29, 2015, and docketed as 15-CV-3816. For the reasons discussed below, the Clerk of Court is directed to consolidate these three actions.

Campos's request to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, however, Campos's claims against defendants Matthew Zuntag, Stephen J. Rooney, Allen Meyer, L. Rienzi, Tuesday Mondi Muller, Kirsten Krueger, Paul A. Capofari, Michael Harding, and Michael Gompers are dismissed without leave to amend. Campos's claims against defendants Daniel M. Donovan, Jr., Edward Patterson, Matthew Dilgen, and Officer Terranova are also dismissed; with respect to those defendants, however, Campos is granted thirty (30) days from the date of this Order to amend his complaint to address the deficiencies discussed below. Because the Court dismisses the complaint in its entirety, Campos's requests for a temporary restraining order and preliminary injunction are denied.

## BACKGROUND

On October 10, 2013, Campos was arrested by defendant New York City Police Department ("NYPD") Officer Matthew Dilgen for violating an order of protection. (D.E. # 1, Compl., at 5).[1] Defendants NYPD Officers Patterson and Terranova participated in the subsequent criminal proceedings (together with Dilgen, "the NYPD defendants"). (Compl. at 5, 8; D.E. # 6, Letter to pro se clerk dated June 11, 2015, at 1; D.E. # 10, Letter to pro se clerk, at 1; 15-CV-5667,

---

[1] Although this Order directs the Clerk of Court to close the case bearing docket number 15-CV-2862, the Court refers herein to the complaint and other submissions filed on that docket unless otherwise specified because those materials contain the most fulsome account of the relevant facts and allegations. The Court has considered all three complaints, as well as Campos's additional submissions, in issuing this Memorandum and Order.

2

D.E. # 1, at 10.) It appears that defendant Judge L. Rienzi initially presided over the resulting criminal proceedings in New York Supreme Court, Richmond County. (Id. at 10.) The case was later reassigned to defendant Judge Stephen J. Rooney, (15-CV-3816, D.E. # 1, Compl., at 39), who presided over the jury trial at which Campos was convicted, (Compl. at 9).

Although the complaint does not detail the full procedural and factual record of that proceeding, it appears that Campos was prosecuted by Assistant District Attorneys Tuesday Mondi Muller ("ADA Muller") and Kirsten Krueger ("ADA Krueger"), and represented by three different court-appointed attorneys, defendants Matthew Zuntag, Paul A. Capofari, and Michael Harding. Defendant Michael Gompers represented Campos in an earlier criminal proceeding for violating the same protective order (together with Zuntag, Capofari, and Harding, "the attorney defendants"); Defendant Allen Meyer appears to have presided over that proceeding (together with Judges Rienzi and Rooney, "the judge defendants"). (Compl. at 9; D.E. # 6, Letter to pro se clerk dated June 11, 2015, at 1; D.E. # 10, Letter to pro se clerk, at 14–15.)

Campos now brings the instant action alleging myriad constitutional violations stemming from his 2013 arrest and both state criminal proceedings. He names as defendants arresting and testifying police officers, prosecutors, defense attorneys, and state court judges. Campos seeks monetary damages and injunctive relief. (Compl. at 12.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Upon review, a district court shall dismiss sua sponte any such complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is

3

immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), mandates sua sponte dismissal of frivolous prisoner complaints).

At the pleadings stage, the Court must assume the truth of "all well-pleaded, non-conclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). To avoid dismissal, a plaintiff must state a claim that is "plausible on its face" by alleging sufficient facts to enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Although a pro se complaint must contain sufficient factual allegations to meet this standard, it is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court is obliged to construe the pleadings liberally and interpret them as raising the strongest arguments they suggest. Abbas, 480 F.3d at 639.

## DISCUSSION

### I.    Consolidation of Campos's Complaints

Pursuant to Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." "The trial court has broad discretion to determine whether consolidation is appropriate." Johnson v. Celotex Corp., 899 F.2d 1281, 1284–85 (2d Cir. 1990). Accordingly, cases may be consolidated even where the complaints name different parties or assert distinct causes of action. See Caractor v. Hous. Bridge 93rd Ave. Family Residence, 13-CV-3800 (SJF) (AKT), 13-CV-7043 (SJF) (AKT), 2014 WL 1351402, at *2–3 (E.D.N.Y. Apr. 2, 2014).

Here, Campos's complaints involve substantially similar claims against virtually the same parties arising from the same facts—namely, the circumstances surrounding his arrest and prosecution in two related state criminal proceedings.[2] The Court accordingly directs the Clerk of Court to (1) consolidate the three above-captioned cases under docket number 15-CV-3816, the first case filed, and (2) close the cases with docket numbers 15-CV-2862 and 15-CV-4667 and direct any further filings in those cases to 15-CV-3816.

## II.    Campos's § 1983 Claims

Liberally construed, Campos's complaints seek relief under 42 U.S.C. § 1983 for a variety of alleged constitutional deprivations suffered during the underlying state criminal proceedings. To state a plausible claim for relief under § 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)).

Campos has not stated a plausible claim for relief under § 1983 against any defendant. As explained below, Campos's claims fail because:  (1) all claims challenging his conviction and imprisonment are barred by Preiser v. Rodriguez, 411 U.S. 475 (1973), and Heck v. Humphrey, 512 U.S. 477 (1994); (2) the judge defendants are absolutely immune; (3) the Eleventh Amendment bars official-capacity claims against defendants Donovan, Muller, and Kreuger, all of whom also enjoy prosecutorial immunity from personal-capacity claims; (4) Campos has not alleged that Donovan personally deprived him of any rights; (5) the attorney defendants are not

---

[2] All defendants identified in the complaints bearing docket numbers 15-CV-3816 and 15-CV-4667 are also named in the action docketed as 15-CV-2862, which, in addition, seeks relief from defendants Patterson, Gompers, Harding, and Terranova.

state actors for purposes of § 1983; and (6) Campos has not alleged sufficient facts to state a plausible claim for relief against the NYPD defendants.

### A. Claims Challenging Campos's Conviction and Imprisonment

At the outset, the Court notes that Campos challenges his conviction and imprisonment on several grounds, including actual innocence, falsified evidence, ineffective assistance of counsel, and various evidentiary bases. To the extent Campos seeks to challenge the fact or duration of his confinement, those claims are barred by the Supreme Court's decisions in Preiser v. Rodriguez, 411 U.S. 475 (1973), and Heck v. Humphrey, 512 U.S. 477 (1994).

In Preiser, the Supreme Court held that § 1983 is not a proper means for a state prisoner to "challeng[e] the very fact or duration of . . . physical imprisonment," as opposed to the conditions of his confinement. 411 U.S. at 499–500; see also Poventud v. City of New York, 750 F.3d 121, 128 (2d Cir. 2014) (construing Preiser). For such challenges, the "sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500. In Heck v. Humphrey, the Supreme Court further held that any § 1983 plaintiff seeking monetary damages for an allegedly unconstitutional conviction or sentence must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Peralta v. Vasquez, 467 F.3d 98, 102 (2d Cir. 2006) (quoting Heck, 512 U.S. at 486–87).

Under Preiser, Campos may only seek release from prison by filing a writ for a petition of habeas corpus pursuant to 28 U.S.C. § 2254.[3] See Preiser, 411 U.S. at 499–500. As for money damages, Campos has not alleged or shown that his conviction or sentence has been invalidated,

---

[3] The Court informs Campos that he must challenge his conviction or imprisonment in the state courts before filing a petition for a writ of habeas corpus in federal court. See 28 U.S.C. § 2254(b)(1)(A). Campos appears to have initiated a state habeas proceeding, but indicates that review is pending. (See Compl. at 5–6.)

as required by <u>Heck</u>. Therefore, all claims challenging Campos's conviction or imprisonment must be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

### B. Claims Against the Judge Defendants

To the extent Campos asserts any claims against the judge defendants that are not barred by <u>Preiser</u> and <u>Heck</u>, such claims are foreclosed by absolute judicial immunity. Judges have absolute immunity for acts performed in their judicial capacities. <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991); <u>Stump v. Sparkman</u>, 435 U.S. 349, 355–56 (1978); <u>Bliven v. Hunt</u>, 579 F.3d 204, 209 (2d Cir. 2009). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or in excess of his authority." <u>Mireles</u>, 502 U.S. at 11 (internal citation and quotation marks omitted).

All of Campos's factual allegations concerning the judge defendants involve acts performed within their judicial capacities. For example, Campos alleges that:

- Judge Rooney conducted an illegal trial, coerced the jurors to convict Campos, did not instruct the jurors, and denied all of Campos's motions, (Compl. at 5, 7, 9),

- Judge Meyer signed a criminal order of protection against Campos, (<u>id.</u> at 8);

- Campos was tried, found guilty, and sentenced by Judges Rooney and Meyer, (<u>id.</u> at 9);

- Campos was arraigned and indicted by Judge Rienzi, who did not grant one of Campos's motions, (<u>id.</u> at 10).

Judicial immunity thus bars all claims against the judge defendants, and the Court dismisses those claims without leave to amend. <u>Tocker v. Philip Morris Cos.</u>, 470 F.3d 481, 491 (2d Cir. 2006) ("[L]eave to amend a complaint may be denied when amendment would be futile.").

## C. Claims Against the Prosecutors

Campos also asserts claims against the Richmond County District Attorney, Daniel M. Donovan, Jr. ("DA Donovan"), as well as ADAs Muller and Krueger, in both their official and personal capacities.

As a preliminary matter, Campos has made no factual allegations whatsoever regarding DA Donovan. To state a plausible claim against DA Donovan, Campos must allege that DA Donovan was personally involved in the alleged injuries, see Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."); his liability may not be predicated on respondeat superior, see Ying Jing Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993) ("[A] supervisory official cannot be held liable under § 1983 on a theory of respondeat superior."). Accordingly, Campos's claims against DA Donovan must also be dismissed. In light of his pro se status, Campos is granted leave to file an amended complaint within thirty (30) days of the date of this Order to establish whether DA Donovan personally participated in any alleged deprivations of his rights.[4]

With respect to Campos's claims against ADAs Muller and Krueger, his official-capacity claims are barred by the Eleventh Amendment. The Eleventh Amendment guarantees "that nonconsenting States may not be sued by private individuals in federal court." Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001). This immunity extends to district attorneys and assistant district attorneys prosecuting criminal matters. See, e.g., Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997) (Eleventh Amendment bars claims against district and assistant district

---

[4] To the extent such claims involve conduct within the scope of DA Donovan's prosecutorial duties, however, those claims would be barred by the Eleventh Amendment and prosecutorial immunity, as set forth above with respect to ADAs Muller and Krueger.

attorneys acting in their official capacities); Ying Jing Gan, 996 F.2d at 536 (district attorney, when prosecuting a criminal matter, represents the state not the county and is therefore immune from suit under the Eleventh Amendment).

All of Campos's factual allegations regarding ADAs Muller and Krueger arise from their prosecutorial duties. For example, Campos alleges that the assistant district attorneys took too long to commence the action against him, (see Compl. at 5), and "completely fabricated at least a portion of the indictment," (see Compl. at 8). In short, Campos complains of acts or omissions that occurred while the prosecutors were functioning as advocates of the state during Campos's prosecution. The Eleventh Amendment prohibits such claims, and the Court dismisses them accordingly. See Weprin, 116 F.3d at 66; Ying Jing Gan, 996 F.2d at 536.

Likewise, absolute prosecutorial immunity bars any claims against ADAs Muller and Krueger in their personal capacities. It is well established that "'a state prosecuting attorney who acted within the scope of [her] duties in initiating and pursuing a criminal prosecution . . . is immune from a civil suit for damages'" under § 1983. Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (quoting Imbler v. Pachtman, 424 U.S. 409, 410, 431 (1976)). Absolute immunity extends to "virtually all acts . . . associated with [the prosecutor's] function as an advocate," including "initiating a prosecution and presenting the case at trial" or at other court proceedings. Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) (internal quotation marks and citations omitted). As noted above, all of Campos's allegations regarding the prosecutors involve conduct within the scope of their prosecutorial functions. As such, ADAs Muller and Krueger are absolutely immune from these claims—including any allegation that they falsified evidence or coerced perjured testimony, see Lee v. Williams, 617 F.2d 320, 322 (2d Cir. 1980). ADAs Muller and Krueger are therefore immune from Campos's official-capacity and personal-

capacity claims. The Court therefore dismisses those claims without leave to amend. See 28 U.S.C. § 1915A(b)(2); Tocker, 470 F.3d at 491.

### D. Claims Against the Attorney Defendants

Campos's claims against the attorney defendants cannot survive as a matter of law due to a lack of state action. "It is well-settled that private attorneys and law firms . . . do not act under color of state law and are not state actors for purposes of § 1983 simply by virtue of their state-issued licenses to practice law." Manko v. Steinhardt, 11-CV-5430 (KAM) (LB), 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) (citing Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975) (private attorney not a state actor)). Moreover, "public defenders, including Legal Aid attorneys, court-appointed counsel and private attorneys do not act under the color of state law merely by virtue of their position." Delarosa v. Serita, 14-CV-737 (MKB), 2014 WL 1672557, at *3 (E.D.N.Y. Apr. 28, 2014); see also Rodriguez, 116 F.3d at 65–66 (private attorney not a state actor by virtue of court-appointed representation of a criminal defendant). Accordingly, Campos fails to state a cognizable claim against the attorney defendants and leave to amend would be futile.[5] All claims against the attorney defendants are therefore dismissed without leave to amend. See 28 U.S.C. § 1915A(b)(1); Tocker, 470 F.3d at 491.

### E. Claims Against the NYPD Defendants

Campos has also asserted claims three police officers, the NYPD defendants. With respect to these defendants, Campos has alleged only the following: (1) that Dilgen arrested Campos on October 10, 2013 and was involved in an "identification hearing," (Compl. at 5, 8); (2) that Patterson told Campos he needed to turn himself in, also participated in the identification hearing,

---

[5] To the extent Campos seeks to raise a claim for ineffective assistance of counsel against any of his prior attorneys, (see D.E. # 6, Letter to pro se clerk dated June 11, 2015), such a claim must be asserted through a petition for writ of habeas corpus or post-conviction relief, first in the state courts, and then in the federal courts. See 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of state remedies prior to filing a federal habeas claim).

and did not take certain evidence into police custody (which was not presented or relied on at trial), (id. at 8; D.E. # 10, Letter to pro se clerk, at 1); and (3) that Terranova is Dilgen's partner and gave false testimony against Campos, (D.E. # 6, Letter to pro se clerk dated June 11, 2015, at 1; 15-CV-5667, D.E. # 1, at 10). These factual allegations do not give rise to a plausible claim for § 1983 relief against any of the NYPD defendants.[6] In light of Campos's pro se status, the Court grants him thirty (30) days leave to amend his complaint as to the NYPD defendants.

## CONCLUSION

For the reasons set forth above, the Clerk of Court is directed to (1) consolidate the three above-captioned cases under docket number 15-CV-3816, the first case filed, and (2) close the cases with docket numbers 15-CV-2862 and 15-CV-4667 and direct any further filings in those cases to 15-CV-3816.

Campos's request to proceed IFP is granted, but his requests for a temporary restraining order and preliminary injunction are denied, and his complaint is dismissed in its entirety. 28 U.S.C. § 1915A(b). Campos's claims against defendants Meyer, Rienzi, Rooney, Muller, Krueger, Zuntag, Capofari, Harding, and Gompers are dismissed without leave to amend. Campos is granted thirty (30) days from the date of this Order to file an amended complaint only as to the remaining defendants—DA Donovan and Officers Dilgen, Patterson, and Terranova—to address the deficiencies identified above. Should he elect to file an amended complaint, Campos must include a brief description of what each of these defendants did or failed to do, and how that act or omission caused him injury. He is advised that the amended complaint will completely replace

---

[6] Even if the Court were to credit the conclusory allegation that Officer Terranova gave false testimony against Campos, "the Supreme Court has held that § 1983 does not authorize a convicted defendant to assert a claim for damages against a police officer for giving perjured testimony at the defendants' trial," Dory v. Ryan, 999 F.2d 679, 682–83 (2d Cir. 1983) (quoting Briscoe v. LaHue, 460 U.S. 325 (1983)).

the original complaint, must be captioned "Amended Complaint," and must bear the docket number 15-CV-3816 (CBA).

No summonses shall issue at this time and all further proceedings shall be stayed for thirty (30) days or until Campos has complied with this Order. If Campos fails to file an amended complaint within thirty (30) days of the date of this Order, the instant action shall be dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: November    9    , 2015
      Brooklyn, New York

/S/ Judge Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge